STATE *vs.* DANIEL RUSH.

Lager bier being a malt liquor is an intoxicating liquor under Pub. Laws R. I. cap. 508, of June 25, 1875, entitled "An Act to regulate and restrain the Sale of Intoxicating Liquors," of which § 1 forbids the sale of "ale, wine, rum, or other strong or malt liquors."

An indictment need only negative such exceptions in a penal statute as by incorporation or reference are made parts of the definition of the offence in the enacting clause.

Hence, in an indictment under Pub. Laws R. I. cap. 508, § 10, of June 25, 1875, no negative averments covering Gen. Stat. R. I. cap. 119, or said Pub. Laws R. I. cap. 508, § 39, are required.

EXCEPTIONS to the Court of Common Pleas.

*January* 31, 1881. MATTESON, J. This is an indictment under Pub. Laws R. I. cap. 508, § 10, of June 25, 1875,[1] charging the defendant with having unlawfully sold to one Riley, a minor, a quantity of intoxicating liquor, to wit, a pint of lager bier. At the trial testimony was put in to prove the sale of lager bier, but none to prove that it was intoxicating. The defendant asked the court to charge the jury: *First*, that proof simply of the sale of lager bier is not proof of the sale of intoxicating liquor. *Second*, that the jury should not find the defendant guilty under the indictment upon evidence of a sale of lager bier alone, unless they were satisfied that the same was an intoxicating liquor. *Third*, that whether said lager bier alleged to have been sold by the defendant was an intoxicating liquor was a question to be determined by the jury. The court refused to charge as requested, and charged the jury that if they found from the evidence that at the time and place charged in the indictment the defendant sold to said Riley, he then and there being a minor under the age of twenty-one years, any lager bier, they should find a verdict of guilty. The defendant excepted to the charge and refusals to charge. The jury found a verdict of guilty.

In *State* v. *Goyette*, 11 R. I. 592, it was held that the court

---

[1] As follows: " Sect. 10. Every person who shall sell, or suffer to be sold, to any minor, any intoxicating liquors, shall, upon conviction, pay a fine of one hundred dollars, and be imprisoned not less than thirty days nor more than three months, and be thereafter, for the term of two years, made incapable of holding any license under this act."

might properly take judicial notice that lager bier was a malt liquor. Being a malt liquor, we think that it is to be regarded as an intoxicating liquor within the meaning of the statute, which is entitled, "An Act to regulate and restrain the Sale of Intoxicating Liquors," and the first section of which prohibits the manufacture and sale, &c., of "any ale, wine, rum, or other strong or malt liquors," &c. Whether or not the particular malt liquor alleged to have been sold contained so great a percentage of alcohol as to be intoxicating would often be a very difficult, if not an impossible, matter for the prosecutor to prove. Again, a liquor strong enough to intoxicate one person might not sensibly affect another, who had drunk the same or even a greater quantity. It was the evident intent of the framers of the statute to relieve the prosecution for its violation from such embarrassment, and to place malt liquors, the tendency of which is to intoxicate, on the same footing, so far as the prohibition of the statute is concerned, with stronger liquors. We think the refusal to charge and the charge were correct.

The defendant also moved in arrest of judgment, because: 1. The said indictment does not charge that at the time and place of said alleged sale the defendant was not one of the persons authorized by Gen. Stat. R. I. cap. 119, to sell medicines and poisons; nor that the liquor alleged to have been sold was sold in quantities not to exceed one pint and for medicinal purposes only, and not to be drunk on the premises of the seller; nor that the same was not sold upon and in accordance with the written prescription of a physician, or the written order of the buyer thereof, stating that the same was for medicinal purposes only. 2. The said indictment contained none of the negative allegations charging that the said liquor was not sold pursuant to the provisions of Pub. Laws R. I. cap. 508, § 39 of June 20, 1875. This motion was overruled, and the defendant excepted.

What exceptions in a penal statute are to be negatived in pleading, and what are merely matters of defence, was quite fully considered by this court in *State* v. *O'Donnell,* 10 R. I. 472. The conclusion was there reached that the question was to be determined by their nature, and not by their location with reference to the enacting clause, and that those only need be negatived

which are so incorporated, or referred to, in the enacting clause as to constitute a part of the definition of the offence. This being the rule the motion in arrest was properly denied. The provisions of § 39,[1] even if it is to be regarded as an exception to § 10, under which the indictment was drawn, and which defines the offence, were not incorporated, or in any way referred to, in the latter section. They form no part of the definition of the offence. Hence it was not necessary that they should have been negatived in the indictment, but the defendant, if entitled to rely upon them, should have set them up in his defence.

The exceptions are overruled, and the case is remanded to the Court of Common Pleas for sentence.    *Exceptions overruled.*

*Samuel P. Colt*, Assistant Attorney General, for plaintiff.

*Henry J. Spooner*, for defendant.

---

[1] As follows: " Sect. 39. Authority to sell without license pure spirituous and intoxicating liquors, in quantities not to exceed one pint, for medicinal purposes only and not to be drunk on the premises of the seller, is granted to the persons authorized by chapter 119 of the General Statutes to sell medicines and poisons; *provided*, the same shall be sold upon and in accordance with the written prescription of a physician, or the written order of the buyer thereof, stating that the same is for medicinal purposes only; said prescription and written orders shall not be refilled, but shall be retained and kept on file by the seller for and during the period of twelve months from and after the date thereof. Any person who shall purchase any of said liquors of any person authorized as aforesaid under said chapter 119, and shall wilfully make a false statement in such written order for the purpose of procuring said liquors, shall, upon conviction thereof, pay a fine to the use of the State of not less than fifty dollars nor more than one hundred dollars."